IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID M. CIAMPI,  )
 )
           Plaintiff,  )
 )
v.  )   No.  05 C 7056
 )
CCC INFORMATION SERVICES INC.,  )
et al.,  )
 )
           Defendants.  )

## MEMORANDUM OPINION AND ORDER

David Ciampi has launched a multicount action (predicating federal subject matter jurisdiction on alleged violations of the Sarbanes-Oxley Act of 2002) that, even before any responsive pleading was filed, has been cut back from the original eight defendants to four. Even so, Ciampi's First Amended Complaint ("FAC") stretches far beyond the Fed. R. Civ. P. ("Rule") 8(a) standard of "a short and plain statement": It occupies 29 pages and comprises six counts stated in 141 paragraphs.

Now the four remaining defendants have filed their Answer and Affirmative Defenses ("ADs") to the FAC, appending their own 10-page, 42-paragraph Counterclaim. This memorandum opinion and order is issued sua sponte because of a number of problematic aspects of that responsive pleading.

To begin with, although defense counsel (unlike too many lawyers) have been faithful in adhering to the language of the second sentence of Rule 8(b) in seeking to obtain the benefit of a deemed denial of various of Ciampi's allegations (see Answer

¶¶4-7, 10, 28, 30, 32 and 75), in each instance counsel follow that disclaimer with "and therefore, Defendants deny those allegations." That is of course an oxymoron--if defendants truly lack information sufficient to form a belief as to the truth of Ciampi's allegations, they can scarcely <u>deny</u> those allegations in the objective good faith required by Rule 11(b). Accordingly the quoted phrase is stricken from each of the paragraphs where it appears.

Next defense counsel improperly assert that "a response is not necessary" to certain of Ciampi's allegations because each "states a legal conclusion" (see Answer ¶¶3, 5 and 7-9). That refusal is in direct tension with the requirement of the first sentence of Rule 8(b)--and even more definitively, that erroneous position flouts (among other decisions) two opinions by the Supreme Court (see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). And as if that were not enough to justify striking those assertions in the Answer (and it is), there seems to be no predicate for defendants going on to deny Ciampi's allegations in (for example) Answer ¶¶3 and 8. All the cited paragraphs of the Answer are also stricken.

Defense counsel then display an unjustified fondness for declining to answer straightforward allegations about the content of documents by stating that each "speaks for itself" (see Answer ¶¶21, 23-25, 76, 78, 116 and 124). In that respect, see App. ¶3 to <u>State Farm</u>. Moreover, having done so, defense counsel

2

compound that error by denying Ciampi's allegations "to the extent the allegations...vary" from the cited document. It is clear that such "to the extent" verbiage is a telltale tipoff to a totally uninformative assertion that violates the principles of notice pleading. Here too all of the cited paragraphs of the Answer must be and are stricken.

Finally, various of the ADs are also troublesome. Here are at least some difficulties noted by this Court:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, is not only inappropriate as an AD (see Rule 8(c)) but is also flat-out wrong as a matter of law. Less than two weeks ago our Court of Appeals issued an opinion in that respect that ought to be compulsory reading for any federal practitioner--see Kolupa v. Roselle Park Dist., No. 05-2925, 2006 WL 306955, at *1-*2 (7th Cir. Feb. 10). That AD is stricken.

2. Because AD 2 is at odds with the principles underlying Rule 8(c) and its caselaw (see App. 5 to State Farm), it too is stricken.

3. ADs 4, 7-10 and 13 are too skeletal in nature to meet even the generous notice pleading standards that apply to defendants as well as plaintiffs. Those will be stricken unless they are fleshed out promptly and appropriately.

4. AD 16 is stated in hypothetical terms, essentially seeking a blank check. That is inappropriate, and it too

will be stricken.[1]

This Court ordinarily treats flaws such as those identified here by requiring the filing of a self-contained new pleading, to obviate the need for the reader to leaf back and forth through different pleadings. In this instance too many trees have been felled already, so that defense counsel are granted leave to file an appropriate amendment to the Answer and ADs (not a brand-new Amended Answer and ADs) on or before March 6, 2006. Failure to do so will cause all of the FAC's paragraphs to which responses have been stricken here to be deemed admitted.

Finally, there no good reason for defendants to bear the cost of their counsel's errors in the respects addressed here. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting these errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                            /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: February 21, 2006

---

[1] No effort has been made here to be exhaustive. There may perhaps be flaws in other ADs, but it will be left to Ciampi's counsel to identify them.

4