IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID M. CIAMPI, )
)
Plaintiff, )
)
v. ) No. 05 C 7056
)
CCC INFORMATION SERVICES INC., )
et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

One of the lawyers for David Ciampi ("Ciampi") has noticed up for presentment on March 17 (the date previously set for a status hearing in this action) a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the three-count Counterclaim that CCC Information Services, Inc. ("CCC") has advanced in response to the lawsuit brought by Ciampi against CCC and three individual defendants. Because most (though not all) of the motion is plainly lacking in merit, no purpose would be served by the delay that would be involved in awaiting such presentment (relatedly Ciampi's counsel has earlier filed a motion to stay the discovery process pending resolution of his motion) or by requiring CCC to respond to the obvious flaws in the motion.

Most fundamentally, the motion seeks to engraft onto the federal regime of notice pleading a requirement of fact pleading, much as though this action were pending down the street in the

Circuit Court of Cook County rather than in this District Court.[1] On that score Ciampi's counsel would do well to read and take heed of Judge Easterbrook's month-old opinion for our Court of Appeals in <u>Kolupa v. Roselle Park Dist.</u>, No. 05-2925, 2006 WL 306955 (7th Cir. Feb. 10) and the lesson that it teaches as to Rule 12(b)(6) motions, as well as the caselaw that confirms the propriety of including conclusions--indeed, conclusions of law[2]--as an integral part of federal pleading (in that respect, see also App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). It is quite true that some of the cases cited by Ciampi's counsel speak of the need to state minimum facts to satisfy notice pleading, but here the Counterclaim (when fairly read) does just that.[3]

More particularly, Ciampi's attack on Counterclaim Count I's

---

[1] Both sides correctly look to Illinois law to provide the rules of decision--in that regard Counterclaim ¶3 invokes federal jurisdiction based on diversity of citizenship, although it adds correctly that the supplemental jurisdiction provision of 28 U.S.C. §1367(a) provides an independent source of such jurisdiction. But <u>Erie v. Tompkins</u> principles call for the application of <u>substantive</u> state law, while matters of <u>procedure</u>--importantly including pleading--are governed by federal principles.

[2] What is a more ultimate legal conclusion than the allegations, required by Rule 8(a) and present in every federal complaint, that the court has jurisdiction over the action?

[3] To the extent that Ciampi's counsel believes that more particulars are needed to defend against the Counterclaim, or perhaps that allegations made on information and belief may be shown to be ill-founded, the portion of the Rules dealing with discovery are fully available.

breach of contract claim is really groundless. Count I plainly alleges the existence and breach of a valid contract--remember that all allegations of a plaintiff's complaint (here a defendant's counterclaim), together with all reasonable inferences in the pleader's favor, must be accepted as gospel for motion-to-dismiss purposes. And as for any claimed preemption of Count I by the Illinois Trade Secrets Act ("Act"), that contention runs headlong into the express preservation of CCC's breach of contract claim set out in Act §8(b)(1)(765 ILCS 1065/8(b)(1)):

> This Act does not affect:
>
> > (a) contractual remedies, whether or not based upon misappropriation of a trade secret....

By contrast, Ciampi's counsel is correct in arguing that Counterclaim Count II, which asserts a breach of fiduciary duties, is preempted by Act §8(a). What Count II appears to reflect is the common practice of mistaking the federal concept of a "claim" as equivalent to the state law concept of a "cause of action" (in that regard, see another opinion by Judge Easterbrook, <u>NAACP v. Am. Fam. Mut. Ins. Co.</u>, 978 F.2d 287, 292 (7th Cir. 1992)), so that a single claim gets carved up by identifying each theory of recovery in a separate count.[4]

---

[4] Although that practice is too deeply imbedded among members of the bar to expect any change at this late date, it is really at odds with the limited place that is marked out by the second sentence of Rule 10(b) for the use of separate counts.

3

Count II is therefore stricken as an independent claim, although its allegations are retained in the Counterclaim because they are incorporated by reference into Count III.

As for Counterclaim Count III, whose gravamen is Ciampi's asserted violation of the Act, Ciampi's quibbles scarcely deserve discussion. To begin an attack on that count by criticizing its reference to the "Illinois Uniform Trade Secrets Act" rather than the "Illinois Trade Secrets Act"[5] and to say that "warrants dismissal of Count III" (Motion at 12) does not even pass the straight-face test. And what follows at Motion 12-13 is no more persuasive in attacking Count III on its face. Count III will stand as is.

Finally, Ciampi's Motion at 13-14 concludes by asking that CCC's prayer for equitable relief be stricken. Apart from the other flaws in Ciampi's assertions in that respect, it ignores both (1) the provision of Rule 8(a) that "[r]elief in the alternative or of several different types may be demanded" and (2) the many cases that permit actually inconsistent pleadings.

As stated at the outset, there is no reason for further delay here. Ciampi is ordered to file his answer to the

---

Indeed, one need go no farther than to look at Ciampi's own Second Amended Complaint and its eight counts for another example of that pervasive practice.

[5] It is of course well known that the Act is derived from the Uniform Act, as is true of comparable statutes in more than 40 other United States jurisdictions.

4

Counterclaim on or before the same March 17 date that his counsel had scheduled as a presentment date. And lastly, because this opinion has ruled on Ciampi's motion to dismiss, his earlier motion to stay discovery is denied as moot--Ciampi and defense counsel are expected to proceed posthaste with the advance disclosures required by Rule 26(a) and with the responses to outstanding discovery requests.[6]

 Milton I. Shadur
Senior United States District Judge

Date: March 10, 2006

---

[6] One added point: Ciampi's counsel has coupled his motion to dismiss with a request that "Ciampi should be granted leave to file a petition for fees and costs incurred in responding to Defendant/Counter-Plaintiff's Counter-Complaint pursuant to the Illinois Business Corporation Act, 805 Ill. Comp. Stat. 5/8.75(b), (c) et seq." That motion is of course denied. In fact, Ciampi's counsel is spared the flip side of that issue--any potential consideration of the applicability of 28 U.S.C. §1927 to his motions--by the fact that this opinion has been issued without requiring CCC's counsel to respond.